**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RAYMOND LANG, #486632,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1499-L** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently incarcerated at the Allred Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas.  Respondent is the Director of the TDCJ-CID.  No process has been issued in this case.

Statement of the Case:  In 1988, a jury convicted Petitioner of aggravated sexual assault and sentenced him to fifty years confinement.  (Petition (Pet.) at 2).  The court of appeals affirmed his conviction.  See Lang v. State, No. 05-88-00749-CR (Tex. App. – Dallas, Jun. 20, 1989, pet. ref'd) (not designated for publication).  Thereafter, this court denied his first federal habeas corpus petition on the merits and dismissed his second petition as successive.  See Lang

v. Collins, No. 3:93-CV-0839-D (N.D. Tex., Jun. 2, 1994); Lang v. Director, No. 3:96-CV-0837-P (N.D. Tex., May 28, 1996).

On August 6, 2001, Petitioner filed a motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. (Pet. at 7). The trial court denied relief, and the Eighth District Court of Appeals affirmed. Lang v. State, No. 08-02-00292-CR (Tex. App. – El Paso, Aug. 19, 2004, pet. ref.).

On May 6, 2005, Petitioner filed his third § 2254 petition arguing (1) that he was actually innocent; (2) that the jury waiver form and the probable cause warrant were defective; (3) that he received ineffective assistance of counsel; and (4) that the prosecutor withheld evidence material to his guilt/innocence. See Lang v. Dretke, No. 3:05-CV-0942-K (N.D. Tex.). On June 24, 2005, the district court adopted the findings and conclusions of the magistrate judge and dismissed the petition for want of jurisdiction as successive. Id.[1]

In the present petition for a writ of habeas corpus, filed on July 27, 2005, Petitioner again seeks to challenge his 1988 conviction for aggravated sexual assault. He now asserts that the trial court erred in denying his motion for DNA testing because reasonable probability exists that DNA test would prove his innocence. (Pet. at 7).

Findings and Conclusions: The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can

---

[1] On November 3, 2004, the United States Court of Appeals for the Fifth Circuit also denied a motion which Petitioner had filed seeking leave to file a successive habeas petition. In Re Lang, No. 04-11238 (5th Cir. Nov. 3, 2004).

2

be heard in the district court.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  In Crone v. Cockrell, the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'" 324 F.3d 833, 836 (5th Cir. 2003) (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

In general, "a later petition is successive when it:  1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  Crone, 324 F.3d at 836-37.

Although Senate Bill 3, passed on June 6, 2001, and now codified in Tex. Code of Crim. P. Ann. arts. 64.01-64.05 (Vernon Supp. 2003), did not exist on the date Lang's initial § 2254 petition was denied on the merits, his present petition is "functionally" a second or successive petition for habeas corpus relief.  See Rogers v. Cockrell, 2003 WL 21246099, at *2, No. 4:02-CV-954-Y (N.D. Tex., Fort Worth, Apr. 14, 2003) (citing Kutzner v. Cockrell, 303 F.3d 333, 338-39 (5th Cir. 2002) (holding that § 2254 petition challenging denial of motion for DNA testing constituted a successive habeas petition).  This court is, therefore, without jurisdiction to consider the present petition.  Crone, 324 F.3d at 838; Kutzner, 303 F.3d at 338-39.

Accordingly, the petition should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  See In re Epps, 127 F.3d 364, 364-65 (5th Cir. 1997) (setting out the

requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[2]

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 8th day of September, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2]     Assuming arguendo that this court had jurisdiction over the habeas petition, the same should be summarily dismissed.  See Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Court).  Petitioner's right to postconviction DNA testing arises solely under Texas law, and the denial of a motion for DNA testing does not implicate a federal constitutional violation.  See 28 U.S.C. § 2254(a) (habeas relief is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States); Figueroa v. Dretke, 2005 WL 1108109, *1, No. 4:05-CV-074-Y (N.D. Tex., Fort Worth, Div. May 5, 2005), report and recommendation adopted, 2005 WL 1320143 (June 1, 2005).